**WYOMING GAME AND FISH COMMIS-
SION, Appellant (Appellee below),**

v.

**Harvey LATHAM, Appellee (Appellant
below).**

No. 2886.

Supreme Court of Wyoming.

Jan. 5, 1960.

Thomas O. Miller, Atty. Gen., and Merl B. Case, Sp. Asst. Atty. Gen., for appellant.

Ernest J. Goppert, of Goppert & Fitzstephens, Cody, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

■ In an appeal taken from the rejection by defendant of plaintiff's damage claim for duck depredation of plaintiff's grain crop, plaintiff petitioned the district court for a judgment of $3,954.25. On trial to the court, plaintiff was awarded $1,113.75. Defendant appeals, contending the court's findings are contrary to law and the evidence. This requires us to examine only that evidence most favorable to plaintiff, giving to it every reasonable favorable inference, to determine whether there was substantial legal evidence to support the court's judgment.

■ Plaintiff was growing 105 acres of barley on his land. The evidence showed it to be a very good crop of nice barley grain; that the field of barley was cut and windrowed in late August and plaintiff commenced combining the crop on September 23 or 24, and continued that operation as the weather permitted through October 12, thus combining in all about 25 acres, but was prevented from further combining by unfavorable weather conditions; that the 25 combined acres yielded about 117,787 pounds of grain, valued at $1.75 per hundred weight, with deductible expenses of $5 per acre for combining and 5 cents per bushel for getting the crop to market; that as late as November 9 the crop appeared not to be damaged; that by November 24 the grain was gone, although the windrowed portion seemed undamaged; that ducks were seen in the field, during the period from November 4 to 24, in numbers described as being in the thousands—"Nobody ever see that many ducks in the sky before", "a cloud of ducks", "the sky was black over his field several nights", "just as thick as you could see"; that on December 3 plaintiff discovered ducks in his field and that his grain was gone; whereupon plaintiff notified game officers of his loss.

Of course, there was some conflicting evidence respecting both the amount of

grain lost and its value, as well as some evidence that at least a portion of the grain loss was occasioned by factors other than its consumption or damage by the ducks. Such evidence we will not consider, as it was the trial court's privilege to give it such weight as it saw fit in the exercise of a sound and reasonable discretion.

We find, therefore, there is an absence in the record of any showing the court abused its discretion or that the evidence failed to justify its findings.

Appellant also contends plaintiff was guilty of contributory negligence in failing to protect his grain from the duck depredations. Without passing upon the legal questions involved in this claim of contributory negligence, suffice it to say that the trial court was entitled to believe the plaintiff's testimony that because of weather conditions beyond his control the crop could not have been further harvested than it was, and to conclude therefrom that plaintiff was not negligent in doing what he could to protect the crop from the ducks.

We find the appeal without merit and affirm the judgment.

Affirmed.